**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| PEOPLE FOR THE ETHICAL TREATMENT OF ANIMALS, INC., *et al.*, | |
| *Plaintiffs*, | |
| v. | Civil Action No.: 18-1886 (CRC) |
| U.S. DEPARTMENT OF AGRICULTURE, *et al.*, | |
| *Defendants*. | |

## <u>ANSWER</u>

Defendants, by and through counsel, hereby respond to Plaintiffs' Complaint as follows:

### RESPONSES

Defendants respond to the separately numbered paragraphs and prayer for relief contained in the Complaint below.   To the extent that any allegation is not admitted herein, it is denied.   Moreover, to the extent that the Complaint refers to or quotes from external documents, statutes, or other sources, Defendants may refer to such materials for their accurate and complete contents; however, Defendants' references are not intended to be, and should not be construed to be, an admission that the cited materials:   (a) are correctly cited or quoted by Plaintiffs; (b) are relevant to this, or any other, action; or (c) are admissible in this, or any other, action.

Defendants answer as follows:

1.   This paragraph contains Plaintiffs' characterization of this action, not allegations of fact, to which no response is required.   To the extent a response is deemed

required, Defendants deny.

2.      This paragraph contains Plaintiffs' characterization of this action and conclusions of law, not allegations of fact, to which no response is required.   To the extent a response is deemed required, Defendants deny.

3.      This paragraph contains conclusions of law, not allegations of fact, to which no response is required.   To the extent a response is deemed required, Defendants deny.

**JURISDICTION AND VENUE[1]**

4.      This paragraph contains conclusions of law, not allegations of fact, to which no response is required.   To the extent a response is deemed necessary, Defendants admit that this Court has subject matter jurisdiction under the Freedom of Information Act ("FOIA"), as limited by the relief available under FOIA.

5.      This paragraph contains conclusions of law, not allegations of fact, to which no response is required.   To the extent a response is deemed necessary, Defendants admit that venue is proper in this District.

**PARTIES**

6.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

7.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

8.      Defendants admit the United States Department of Agriculture, an

---

1 For ease of reference, Defendants refer to Plaintiffs' headings and titles, but to the extent those headings and titles could be construed to contain factual allegations, those allegations are denied.

executive agency of the United States, is subject to FOIA, and is located at 1400 Independence Ave. SW, Washington, DC, 20250.   The second sentence contains conclusions of law, not allegations of fact, to which no response is required.   To the extent a response is deemed necessary, Defendants deny.

9.     Defendant admits that the Animal and Plant Health Inspection Service ("APHIS") is an agency within the United States Department of Agriculture, an executive agency of the United States, and is subject to FOIA.   Admitted that APHIS administers the Animal Welfare Act ("AWA") and has offices located at 4700 River Rd., in Riverdale, MD, 20737.   The second sentence contains conclusions of law, not allegations of fact, to which no response is required.   To the extent a response is deemed necessary, Defendants deny.

**STATUTORY AND REGULATORY FRAMEWORK**

10. – 22. These paragraphs contain conclusions of law and Plaintiffs' characterization of statutes and regulations, not allegations of fact, to which no response is required.   By way of further answer, Defendants respectfully refer the Court to the cited authorities for a full and accurate statement of their contents.

**STATEMENT OF FACTS**
Background

23. – 26. These paragraphs contain conclusions of law and Plaintiffs' characterization of statutes and regulations, not allegations of fact, to which no response is required.   By way of further answer, Defendants respectfully refer the Court to the cited authorities for a full and accurate statement of their contents.

27.     Admit.

28.     This paragraph contains Plaintiffs' characterization of an Office of Inspector General audit, not allegations of fact, to which no response is required.   By way of further answer, Defendants respectfully refer the Court to the referenced document for a full and accurate statement of its contents.

29.     This paragraph contains Plaintiffs' characterization of an Office of Inspector General audit, not allegations of fact, to which no response is required.   By way of further answer, Defendants respectfully refer the Court to the referenced document for a full and accurate statement of its contents.

30.     This paragraph contains Plaintiffs' characterization of an Office of Inspector General audit, not allegations of fact, to which no response is required.   By way of further answer, Defendants respectfully refer the Court to the referenced document for a full and accurate statement of its contents.

31.     Defendants admit the number of enforcement actions but deny all other allegations included in this paragraph.

32.     Defendants admit the number of enforcement actions but deny all other allegations included in this paragraph.

33.     Defendants admit that they used to post records on enforcement actions on the Internet and that on February 3, 2017, they removed such records to further consider personal information protected by the Privacy Act, FOIA, and Department of Justice guidance, and that they advised those seeking this information to submit FOIA requests to the agency.   Defendants deny all other factual allegations contained in this paragraph.

34.     Admit.

4

35.     Deny.

**PROCEDURAL HISTORY**
Defendants' Constructive Denial of Plaintiffs' FOIA Requests

*Ms. Winders' February 3, 2017, Expedited FOIA Request for Records Related to the Defendants Removal AWA Enforcement Records from Defendants' Website*

36.     Defendants admit that on February 3, 2017, Ms. Winders submitted a FOIA request to Defendants, requesting expedited processing, seeking all records related to the USDA's decision to remove documents posted on the Animal and Plant Health Inspection Service website involving the Horse Protection Act and Animal Welfare Act.   By way of further answer, Defendants respectfully refer the Court to the FOIA request for a full and accurate statement of its contents.   All other allegations contained in this paragraph are denied.

37.     Defendants admit that on February 6, 2017, APHIS acknowledged receipt of the FOIA request and assigned it case number 2017-APHIS-02080-F.   All other allegations contained in this paragraph are denied.

38.     Admit.

39.     Admit.

40.     Deny.

*PETA's December 2, 2016, FOIA Request for AWA Enforcement Actions*

41.     Defendants admit that they received a FOIA request from PETA dated December 2, 2016.   By way of further answer, Defendants respectfully refer the Court to the FOIA request for a full and accurate statement of its contents.   All other allegations contained in this paragraph are denied.

42.     Admit.

43.     Deny.  By way of further answer, Defendants aver that APHIS issued a response to this request on July 13, 2018, consisting of 422 pages of responsive records.

*PETA's December 9, 2016, FOIA Request for AWA Enforcement Actions*

44.     Defendants admit that they received a FOIA request from PETA dated December 9, 2016.  By way of further answer, Defendants respectfully refer the Court to the FOIA request for a full and accurate statement of its contents.  All other allegations contained in this paragraph are denied.

45.     Admit.

46.     Deny.  By way of further answer, Defendants aver that APHIS issued a response to this request on July 13, 2018, consisting of 16 pages of responsive records.

*PETA's First February 10, 2017, FOIA Request for AWA Enforcement Actions*

47.     Defendants admit that they received a FOIA request from PETA dated February 10, 2017.  By way of further answer, Defendants respectfully refer the Court to the FOIA request for a full and accurate statement of its contents.  All other allegations contained in this paragraph are denied.

48.     Admit.

49.     Deny.  By way of further answer, Defendants aver that APHIS issued a response to this request on July 13, 2018, which referred the only responsive records located to the Departmental FOIA Officer for separate processing because the records originated outside of APHIS.

6

*PETA's Second February 10, 2017, FOIA Request for AWA Enforcement Actions*

50.    Defendants admit that they received a FOIA request from PETA dated February 10, 2017.   By way of further answer, Defendants respectfully refer the Court to the FOIA request for a full and accurate statement of its contents.   All other allegations contained in this paragraph are denied.

51.    Admit.

52.    Deny.   By way of further answer, Defendants aver that APHIS issued a response to this request on July 13, 2018, consisting of 26 pages of responsive records.

*PETA's March 24, 2017, FOIA Request for AWA Enforcement Actions*

53.    Defendants admit that they received a FOIA request from PETA dated March 24, 2017. By way of further answer, Defendants respectfully refer the Court to the FOIA request for a full and accurate statement of its contents.   All other allegations contained in this paragraph are denied.

54.    Admit.

55.    Deny.   By way of further answer, Defendants aver that APHIS issued a response to this request on July 13, 2018, consisting of 32 pages of responsive records.

*PETA's April 6, 2017 FOIA Request for AWA Enforcement Actions*

56.    Defendants admit that they received a FOIA request from PETA dated April 6, 2017.   By way of further answer, Defendants respectfully refer the Court to the FOIA request for a full and accurate statement of its contents.   All other allegations contained in this paragraph are denied.

57.    Admit.

58.     Deny.  By way of further answer, Defendants aver that APHIS issued a response to this request on July 13, 2018, consisting of 15 pages of responsive records.

*PETA's May 12, 2017, FOIA Request for AWA Enforcement Actions*

59.     Defendants admit that they received a FOIA request from PETA dated May 12, 2017.   By way of further answer, Defendants respectfully refer the Court to the FOIA request for a full and accurate statement of its contents.   All other allegations contained in this paragraph are denied.

60.     Admit.

61.     Deny.  By way of further answer, Defendants aver that APHIS issued a response to this request on July 13, 2018, consisting of 13 pages of responsive records.

*PETA's June 1, 2017, FOIA Request for AWA Enforcement Actions*

62.     Defendants admit that they received a FOIA request from PETA dated June 1, 2017.   By way of further answer, Defendants respectfully refer the Court to the FOIA request for a full and accurate statement of its contents.   All other allegations contained in this paragraph are denied.

63.     Admit.

64.     Deny.  By way of further answer, Defendants aver that APHIS issued responses to this request on July 13, 2018, and July 20, 2018, consisting of 259 pages of responsive records and 2 videos.

*PETA's August 3, 2017, FOIA Request for AWA Enforcement Actions*

65.     Defendants admit that they received a FOIA request from PETA dated April 3, 2017.   By way of further answer, Defendants respectfully refer the Court to the FOIA

request for a full and accurate statement of its contents.   All other allegations contained in this paragraph are denied.

66.    Admit.

67.    Deny.   By way of further answer, Defendants aver that APHIS issued a response to this request on July 13, 2018, consisting of 78 pages of responsive records.

*PETA's September 8, 2017, FOIA Request for AWA Enforcement Actions*

68.    Defendants admit that they received a FOIA request from PETA dated September 8, 2017.   By way of further answer, Defendants respectfully refer the Court to the FOIA request for a full and accurate statement of its contents.   All other allegations contained in this paragraph are denied.

69.    Admit.

70.    Deny.   By way of further answer, Defendants aver that APHIS issued responses to this request on July 13, 2018, and July 20, 2018, consisting of 189 pages of responsive records and 2 videos.

*PETA's October 13, 2017, FOIA Request for AWA Enforcement Actions*

71.    Defendants admit that they received a FOIA request from PETA dated October 13, 2017.   By way of further answer, Defendants respectfully refer the Court to the FOIA request for a full and accurate statement of its contents.   All other allegations contained in this paragraph are denied.

72.    Admit.

73.    Deny.   By way of further answer, Defendants aver that APHIS issued responses to this request on July 13, 2018, August 17, 2018, and October 18, 2018,

consisting of 1,041 pages of responsive records, 7 videos, and a consolidation of all 63 videos identified in the response letter.

*PETA's First December 8, 2017, FOIA Request for AWA Enforcement Actions*

74.    Defendants admit that they received a FOIA request from PETA dated December 8, 2017.   By way of further answer, Defendants respectfully refer the Court to the FOIA request for a full and accurate statement of its contents.   All other allegations contained in this paragraph are denied.

75.    Admit.

76.    Deny.   By way of further answer, Defendants aver that APHIS issued a response to this request on July 13, 2018, consisting of 43 pages of responsive records.

*PETA's Second December 8, 2017, FOIA Request for AWA Enforcement Actions*

77.    Defendants admit that they received a FOIA request from PETA dated December 8, 2017.   By way of further answer, Defendants respectfully refer the Court to the FOIA request for a full and accurate statement of its contents.   All other allegations contained in this paragraph are denied.

78.    Admit.

79.    Deny.   By way of further answer, Defendants aver that APHIS issued responses to this request on July 13, 2018, July 20, 2018, and July 26, 2018, consisting of 134 pages of responsive records.

*Ms. Winders' January 9, 2017, FOIA Request for Records Regarding Defendants' Delay in Posting AWA Enforcement Records*

80.    Defendants admit that they received a FOIA request from Ms. Winders dated January 9, 2017.   By way of further answer, Defendants respectfully refer the Court

to the FOIA request for a full and accurate statement of its contents.   All other allegations contained in this paragraph are denied.

81.   Admit.

82.   Admit.

*Ms. Winders' May 31, 2017, FOIA Request for Records Pertaining to the Defendants' Compliance with the 1996 E-FOIA Amendments*

83.   Defendants admit that they received a FOIA request from Ms. Winders dated January 9, 2017.   By way of further answer, Defendants respectfully refer the Court to the FOIA request for a full and accurate statement of its contents.   All other allegations contained in this paragraph are denied.

84.   Admit.

85.   Deny.   By way of further answer, Defendants aver that they issued a response to this FOIA request on October 31, 2018, stating that it did not locate any responsive records.

*Ms. Winders' July 2, 2017, FOIA Request for Records Related to the Defendants' Compliance with the FOIA Improvement Act of 2016*

86.   Defendants admit that they received a FOIA request from Ms. Winders dated July 2, 2017.   By way of further answer, Defendants respectfully refer the Court to the FOIA request for a full and accurate statement of its contents.   All other allegations contained in this paragraph are denied.

87.   Admit.

88.   Deny.   By way of further answer, Defendants aver that they issued a response to this request on October 31, 2017, consisting of 58 pages of responsive records (and stating that an additional 70 pages of responsive records were withheld in full).

89.    Admit.

90.    Admit.

91.    Deny.

**COUNT I**
Violation of FOIA:   Failure to Comply with Statutory Deadlines

92.    Defendants hereby incorporate their responses to paragraphs 1–91 as if set forth fully herein.

93.    –   96. These paragraphs contain conclusions of law, not allegations of fact, to which no response is required.   To the extent a response is deemed required, Defendants deny.

**Prayer for relief**

The remaining portions of Plaintiffs' Complaint contain its request for relief, to which no response is required.   To the extent a response is deemed necessary, Defendants deny that Plaintiffs are entitled to the relief requested, or to any relief whatsoever.

### ADDITIONAL DEFENSES

Defendants allege the following additional defenses to the Complaint.   In asserting these defenses, Defendants do not assume the burden to establish any fact or proposition where that burden is properly imposed upon Plaintiffs.

1.    Plaintiffs' Complaint fails to state a claim upon which relief may be granted.

2.    Plaintiffs are not entitled to compel the production of records protected from disclosure by one or more of the exemptions to FOIA.

3.    This Court lacks subject matter jurisdiction over any of Plaintiffs' requests for relief that exceed the relief authorized by FOIA.

March 28, 2019

Respectfully submitted,

JESSIE K. LIU
D.C. Bar #472845
United States Attorney

DANIEL F. VAN HORN
D.C. Bar #924092
Chief, Civil Division

By:    */s/ Brian J. Field*
BRIAN J. FIELD
D.C. Bar #985577
Assistant United States Attorney
555 4th Street, N.W.
Washington, D.C. 20530
Tel: (202) 252-2551
E-mail: Brian.Field@usdoj.gov